UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEGAN DUVAL** | **CIVIL ACTION NO. 22-CV-02286** |
| **Plaintiff,** | **SECTION "D"** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **PHYSICIANS MEDICAL CENTER, LLC, SURGERY PARTNERS, INC., SP MANAGEMENT SERVICES, INC., SP LOUISIANA, LLC, ANDREW KNIZELY, JEANNE OLIVIER, BRITTNEY SONNIER, TARA PELLEGRIN, SCOTT CHAPMAN, SANDRA VINCENT, AND XYZ INSURANCE COMPANIES 1-10** | **MAG. DIV. (4) MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO RESET EMERGENCY MOTION FOR REVINDICATION FOR EVIDENTIARY HEARING**

MAY IT PLEASE THE COURT:

Defendants, Surgery Partners, Inc. ("SP"), SP Management Services, Inc. ("SP Management"), and SP Louisiana, LLC ("SP Louisiana") (collectively referred to as "SP Defendants"), respectfully move this Honorable Court to reset their Emergency Motion for Revindication for evidentiary hearing based on the reasons below.

On August 30, 2022, Defendants Surgery Partners, Inc. ("SP"), SP Management Services, Inc. ("SP Management"), and SP Louisiana, LLC ("SP Louisiana") (collectively, the "SP Defendants"), and Physicians Medical Center, LLC ("PMC") brought an Emergency Motion for Revindication regarding Plaintiff Megan Duval's ("Duval") unauthorized taking of an image and other information from her work laptop. (Rec. Doc. 6.)  The SP Defendants and PMC were required to take such action where information was included that was protected from unauthorized disclosure by the Health Insurance Portability and Accounting Act of 1996 ("HIPAA").  In

conjunction with this Motion, the SP Defendants and PMC brought a counterclaim for revindication and spoliation of evidence. (Rec. Doc. 5.) The SP Defendants and PMC supplemented their Motion for Revindication on September 22, 2022 with additional information. (Rec. Doc. 33.) Duval has never filed a pleading on the subject, including an answer to the counterclaims.

This Court set a status conference on September 28, 2022 to discuss the matter. During that conference, counsel for Duval claimed that Duval was authorized by certain PMC physicians to take the images of her Laptop and that there were affidavits collected from those physicians. Following the status conference on September 28, 2022, this Court set an evidentiary hearing for the matter—currently November 1. (Rec. Doc. 39, 41.)

The Court also ordered *inter alia* that "Plaintiff's counsel provide Defendants' counsel with the affidavits of the doctors that directed Plaintiff to copy sensitive information by the close of business day on September 29." (Rec. Doc. 39.) Plaintiff's counsel produced the three affidavits of Dr. Keith Kellum, Dr. Guy Zeringue, and Dr. Brett Casey (collectively, the "Physicians"), attached as Exhibit A.

After the Defendants received and considered the affidavits, the Defendants requested limited, virtual depositions of the Physicians on the issues set forth within the affidavits. Defendants first made this request on October 7, 2022, and on October 13, 2022, Plaintiff informed Defendants that the Physicians were represented by separate counsel and on October 14, 2022, Defendants were informed who that counsel are. (Emails of K. Boyle and C. Bourque, attached as Exhibit B.) Defendants proceeded to issue subpoenas the next business day—October 17, 2022. (Exhibit C.) The Physicians' counsel did not object to their clients appearing for depositions, but

have confirmed that as of October 24, 2022, they are not available for deposition prior to the hearing date of November 1 or on November 1.

Accordingly, the SP Defendants request this Court reschedule the evidentiary hearing presently set for November 1, 2022 to a later date prior to the end of the calendar year. This resetting will accommodate the Physicians' schedule for depositions.

The SP Defendants further have proposed that depositions be taken of Duval, the IT technician she engaged (Mr. Ring), and the forensic examiner engaged by Defendants (Mr. Gough), and that evidence be presented to this Court in summary fashion to shorten proceedings. (Emails of R. Cowen and C. Bourque, attached as Exhibit D.) Plaintiff's counsel has not responded in full to this proposal but has consistently maintained the view that the Physicians' testimony is outside the scope of the evidentiary hearing and not relevant. (Exhibit D.)

The testimony of the Physicians is relevant and within the scope of the hearing, which is to determine whether there has been unauthorized possession and disclosure of information, the extent of that disclosure, and whether there remain any images or copies that have not been returned.[1] For example:

> ➢ Revindication requires wrongful possession. *See* La. Civ. Code Art. 526. The affidavits obtained just prior to the status hearing (dated September 26, September 27, and September 29) and offered in court as an explanation for why Duval was not in the wrong in making the images of her laptop are undoubtedly relevant to whether revindication is required. The assertions of authorization should be tested where Duval has refused to stipulate that she lacked authorization.

---

[1] This Court also cited a potential interest in spoliation where Duval's IT technician wiped two devices, including one on September 13, 2022.

➢ HIPAA is breached where there is an unauthorized disclosure and probability that the protected information was compromised. 45 C.F.R. § 164.406(2). All three affiants have asserted that they do not believe that there has been a breach of protected health information and those assertions should also be tested.[2]

➢ Forensic review has determined a device containing images of the laptop (the NVMe), had unexplained activity on August 17, September 12, and September 13. The physicians aver that they gave Ms. Duval permission to make a digital image of the laptop and encouraged to retain the image because, in their view, "Surgery Partners could not be trusted" and Ms. Duval needed "her own digital image of the computer so she would be protected." Dr. Casey also stated that he "ha[d] evidence on that computer that I will need for in a breach of contract claim." The affiants are notably vague about when those discussions occurred; whether they aware of and were complicit in any copying on August 17, September 12, or September 13; and whether any of those possible additional copies have been retained by the Physicians.

Therefore, the SP Defendants respectfully request that this Court reschedule the evidentiary hearing on November 1, 2022 to a later date prior to the end of the calendar year for a summary presentation following the depositions of Dr. Kellum, Dr. Zeringue, Dr. Casey, Ms. Duval, Mr. Ring, and Mr. Gough.

---

[2] Dr. Kellum also asserted that the information on the laptop regarding patients may be his patient files and information.

4

PD.40242216.1

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Kim M. Boyle*
      KIM M. BOYLE (La. #18133)
      MARK D. FIJMAN (#37860)
      REBECCA SHA (La. #35317)
      365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Facsimile: 504-568-9130
      Email: kim.boyle@phelps.com
             mark.fijman@phelps.com
             rebecca.sha@phelps.com

**AND**

**MCDERMOTT WILL & EMERY LLP**

Rachel B. Cowen (*pro hac vice*)
J. Barrick Bollman (*pro hac vice*)
444 W. Lake Street, Ste. 4000
Chicago, IL 60606
Telephone: (312) 372-2000
rcowen@mwe.com
bbollman@mwe.com

**ATTORNEYS FOR DEFENDANTS, SURGERY PARTNERS, INC., SP MANAGEMENT SERVICES, INC., AND SP LOUISIANA, LLC**